IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XTREMESTRUCTURES, INC., a
Delaware Corporation,

      Plaintiff,

  v.

THE ONE TREE GROUP, INC., a
Nevada Corporation,

      Defendant.

_____/

No. 2:08-CV-00621 JAM CMK

<u>Order Granting Motion to
Dismiss</u>

    Plaintiff XtremeStructures, Inc. ("Xtreme") brought this
action for usury against The One Tree Group, Inc. ("OTG") under
Section 1(2) of Article XV of the California Constitution.  OTG
now moves for dismissal for failure to state a claim upon which
relief can be granted under Rule 12(b)(6) of the Federal Rules
of Civil Procedure.  Xtreme opposes the motion.  For the reasons
stated below, the motion is GRANTED.[1]

_____

[1] This motion was determined to be suitable for decision
without oral argument.  E.D. Cal. L.R. 78-230(h).

FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff entered into a promissory note with OTG on June 18, 2007. Compl. ¶ 4.  According to the terms of the note, OTG agreed to loan $500,000 to Plaintiff, and Plaintiff agreed to repay that sum over a term of nine months.  Id.  The principal amount of the loan was later reduced to $400,000.  Id.  The promissory note provided for 10% interest per annum to be compounded on a monthly basis.  Id.

Plaintiff alleges that while executing the promissory note, Plaintiff and OTG entered into a side deal for an additional 5% interest on the loan.  Id. ¶ 5.  Plaintiff further alleges that the combination of the interest rate contained in the promissory note together with the 5% additional interest negotiated in the side deal resulted in a total interest rate of 15%.  OTG denies these allegations.

On March 3, 2008, Plaintiff filed its complaint for usury against OTG.  Docket at 1.  On April 16, 2008, OTG filed its motion to dismiss Plaintiff's complaint.  Docket at 8, 13.

OPINION

Federal Rule of Civil Procedure 12(b)(6) permits a complaint to be dismissed for failure to state a claim upon which relief can be granted.  In considering whether to dismiss a complaint, "[a]ll well-pleaded facts in the complaint are accepted as true and construed in the light most favorable to the nonmoving party."  Intri-Plex Techs., Inc. v. Crest Group,

_Inc._, 499 F.3d 1048, 1052 (9th Cir. 2007). "[A]ttachments to a complaint are to be considered part of the complaint in deciding a Rule 12(b)(6) motion." _Edwards v. Marin Park, Inc._, 356 F.3d 1058, 1062 (9th Cir. 2004)(citing _Hal Roach Studios, Inc. v. Richard Feiner & Co._, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990)). "Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims." _Manshardt v. Fed. Judicial Qualifications Comm._, 408 F.3d 1154, 1156 (9th Cir. 2005).  "Factual allegations must be enough to raise a right to relief above the speculative level." _Bell Atl. Corp. v. Twombly_, 127 S.Ct. 1955, 1965 (2007).

Plaintiff alleges that the promissory note, together with the side agreement, provided for an interest rate of 15%, a rate which it alleges is usurious under California law.  Section 1(2) of Article XV of the California constitution provides that parties may only contract for loans that have interest rates that are the higher of 10 percent per annum or 5 percent per annum plus the prevailing rate of the preceding month.  However, before the Court can reach the issue of whether the promissory note and the side agreement together are usurious, it must first determine whether Plaintiff has sufficiently pled the existence of a valid side agreement.

Plaintiff alleges: "When plaintiff signed the Promissory Note, defendant imposed upon plaintiff additional requirements that resulted in a side deal for an additional 5 percent interest on the loan." Compl. ¶ 5.  Plaintiff does not allege

that there is any writing that documents the side deal or that there was a subsequent modification of the contract increasing the stated interest rate.  Rather, Plaintiff asks the Court to consider extrinsic evidence, including parol evidence, to determine that the promissory note is usurious.  See Pl. Opp'n to Mot. to Dismiss at 4-5.

California law is clear that a written contract "supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."  Cal. Civ. Code § 1625.  See also Cal. Civ. Code § 1639; Cal. Code of Civ. Pro. § 1856.  "Extrinsic evidence cannot be admitted to prove what the agreement was, not for any of the usual reasons for exclusion of evidence, but because as a matter of law the agreement is the writing itself.  Such evidence is legally irrelevant and cannot support a judgment."  Casa Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 344 (2004).  Furthermore, courts may not consider evidence that is at "variance with the written agreement."  Id.; see also Sapin v. Security First Nat'l Bank, 243 Cal.App.2d 201, 204 (1966) (same in context of a promissory note).

Parol evidence may only be admitted when there is evidence that the contract is not a complete and final embodiment of the agreement.  Sullivan v. Massachusetts Mut. Life Ins. Co., 611

F.2d 261, 264 (9th Cir. 1979).  To determine whether a contract is integrated, the court should consider:

> (1)   whether the written agreement appears to state a complete agreement; (2) whether the alleged oral agreement directly contradicts the writing; (3) whether the oral agreement might naturally be made as a separate agreement; and (4) whether a jury might be misled by the introduction of the offered parol evidence.

Id.  (citing Brawthen v. H & R Block, Inc., 52 Cal.App.3d 139, 146 (1975)).

The promissory note between Plaintiff and OTG is an integrated agreement.  The promissory note addresses the principal amount, the interest rate, the term, as well as procedures for enforcing the note.  Most importantly, the 15% interest rate alleged by Plaintiff directly contradicts the 10% interest rate term in the note.  It would not be natural for the interest rate to be agreed upon separately in the context of a promissory note.  The promissory note appears to be the final embodiment of the party with respect to the interest rate.

The cases Plaintiff cites for the proposition that courts may look to extrinsic evidence when a contract is illegal do not apply in this context.  In Homami v. Iranzadi, 211 Cal.App.3d 1104 (1989), the plaintiff sought to enforce an oral side deal to a promissory note that allowed him to collect 12% interest per annum while avoiding federal taxes.  There, the court

refused to enforce the oral side agreement because it had an illegal purpose.  Id. At 1112.

Similarly, in Precision Fabricators, Inc. v. Levant, 182 Cal.App.2d 637 (1960), the plaintiff sought to enforce a joint venture agreement where the parties had not obtained the requisite license to act as joint venturers.  There the court refused to enforce the joint venture agreement because it violated the law.  Id. at 642.  In Maze v. Sycamore Homes, Inc., 230 Cal.App.2d 746, 748 (1964), the trial court admitted parol evidence because it found that the contract was ambiguous, not because the contract was illegal.  Unlike the plaintiffs in Homami and Precision Fabricators, neither party is asking the Court to enforce a 15% interest rate.  Furthermore, Plaintiff has not alleged that the promissory note is ambiguous.  Because the promissory note is clear as to the 10% interest rate, parol evidence may not be considered.

Accordingly, because Plaintiff has failed to allege that a valid oral agreement existed which increased the interest rate on the promissory note to 15%, it has not sufficiently pled a claim for usury.  However, because amendment does not appear futile at this time, this claim is dismissed without prejudice.

///

///

ORDER

    For the reasons stated above, OTG's Motion is GRANTED, without prejudice.  Plaintiff has twenty (20) days from service of this order to amend its complaint.

    IT IS SO ORDERED.

    Dated:  June 2, 2008.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7