McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
STEPHEN M. LERNER (SBN 176688)
JAMIE M. ERRECART (SBN 214925)
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:    916.444.8334

Attorneys for Defendant and Cross-Complainant
THE ONE TREE GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTREMESTRUCTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE ONE TREE GROUP, INC., <br><br> Defendant. | Case No. 2:08-CV-00621-JAM CMK <br><br> **NOTICE TO TIMOTHY J. SCHMIDT TO APPEAR AND PRODUCE AT EXAMINATION** <br><br> Examination Date: April 6, 2009 <br> Time: 1:30 p.m. <br> Room.: No. 305 <br> USDC, Redding Div. <br> 2986 Bechelli Lane <br> Redding, CA 96002 |
| THE ONE TREE GROUP, INC., a Nevada Corporation, <br><br> Cross-Complainant, <br><br> v. <br><br> XTREMESTRUCTURES, INC., a Delaware Corporation; TIMOTHY J. SCHMIDT; and DOES 1 – 50. <br><br> Cross-Defendants. | |

**TO DEFENDANT/JUDGMENT DEBTOR TIMOTHY J. SCHMIDT:**

**NOTICE IS HEREBY GIVEN** that pursuant to Code of Civil Procedure Section 1987(b), Judgment Creditor The One Tree Group, Inc., requires the attendance of Timothy J. Schmidt to

1

testify as to his debts, assets and property at the examination hearing of this matter set for April 6, 2009, at 1:30 p.m., in Room 305, located at 2986 Bechelli Lane, Redding, California 96002.

**FURTHER NOTICE IS GIVEN** that pursuant to the California Code of Civil Procedure Section 1987(c), The One Tree Group, Inc. requires that Timothy J. Schmidt bring the following original documents to the examination. These items are in Timothy J. Schmidt's possession or under his control.

### DEFINITIONS

1. "YOU" or "YOUR" means, individually and collectively, Timothy J. Schmidt, his agents, employees, attorneys, accountants, investigators and anyone else acting on his behalf.

2. "DOCUMENTS," as used herein, refers to the <u>originals</u>, or copies of the originals only if the originals are unavailable, of all written, typed, recorded, computer-generated, computer-stored, -drawn, or -diagramed, graphic or photographic matter; or sound reproduction of tapes, records, or other devices, however produced; any notes, diaries, memoranda, or computer files, wherever located, over which YOU have the right to custody or the control of, including, but not limited to, the following: business records, books of account, reports, correspondence, telegrams, wires, tapes, computer hard disks, computer diskettes, computer tapes, CD ROMs, or other electronic media storage devices, diaries, appointment books, notes, intra-office communications, memoranda, telephone call records, desk, pocket, or wall calendars, minutes or records of meetings, agreements, contracts, drawings, sketches, drafts, cost or price studies, abstracts or other excerpts, and all other writings and papers however denominated by YOU.

### DOCUMENTS REQUESTED

1. All DOCUMENTS referring to, describing, identifying or in any way evidencing the existence, and present balance, of all YOUR checking accounts, savings accounts, passbook accounts, and other bank accounts of any nature, belonging to or under the control of or available to YOU.

2. All DOCUMENTS referring to or describing amounts earned by YOU within or during the two-year period immediately preceding the date of the production of these documents.

///

3. All DOCUMENTS referring to, or in any way describing, conferring or relinquishing, any ownership or financial interest, legal or beneficial, including, but not limited to, mortgages and deeds of trust, of YOU in real property at any time over the five-year period preceding the date of the production of these documents, and all documents indicating the values of any such interests.

4. All DOCUMENTS referring to, or in any way describing, conferring or relinquishing, any ownership or financial interest, legal or beneficial, of YOU in personal property (in contrast to real property) at any time over the five-year period preceding the date of the production of these documents, and all DOCUMENTS indicating the values of any such interests.

5. All DOCUMENTS showing, relating to, or bearing upon, any ownership of stock or other evidence of ownership by YOU in any business enterprise at any time over the five-year period preceding the date of the production of these documents, and all DOCUMENTS indicating the values of any such interests.

6. All DOCUMENTS referring to, or in any way describing, conferring or relinquishing, any ownership or financial interest, legal or beneficial, of YOU at any time over the five-year period preceding the date of the production of these documents, and all DOCUMENTS indicating the value of any such interests, in the following:

    (a) Commercial paper;

    (b) Promissory notes;

    (c) Leasehold interests;

    (d) Contents of safety deposit boxes;

    (e) Insurance policies;

    (f) Automobiles or other motor vehicles;

    (g) Patents, inventions, trade names, trademarks, or copyrights; and

    (h) Warehouse receipts, bills of lading, or other documents of title.

7. All promissory notes, loans obtained by or for YOUR benefit, and mortgages, deeds of trust, or other encumbrances placed against any of YOUR business assets during the five-year period preceding the date of the production of these documents.

/ / /



8. All DOCUMENTS identifying or giving evidence to funds or property belonging to YOU and being held in someone else's name, or being held in trust for YOUR benefit, at any time during the five-year period preceding the date of the production of these documents.

9. All DOCUMENTS referring to or describing YOUR accounts receivable during the two-year period preceding the date of the production of these documents.

10. All DOCUMENTS referring to or describing accounts receivable of any other of YOUR businesses during the two-year period preceding the date of the production of these documents.

11. All DOCUMENTS describing, or referring to, amounts, dates, and sources of income and/or revenues received by YOU during the two-year period preceding the date of the production of these documents.

12. All DOCUMENTS describing amounts currently owed, and the identity of each person or firm to whom owed, by YOU, and the basis of each indebtedness.

13. All DOCUMENTS describing or referring to amounts, dates and the identity of recipients of payments made by YOU during the two-year period preceding the date of the production of these documents. Without limiting the foregoing, such documents shall include all bank statements, cancelled checks, check registers, check stubs and books of account.

14. All DOCUMENTS stating or indicating YOUR present financial status and/or ability to make payment of the judgment entered in favor of Judgment Creditor in the above-entitled action.

15. Any and all financial statements, originals and/or copies, prepared by YOU or on YOUR behalf, during the five-year period preceding the date of the production of these documents.

16. All DOCUMENTS showing, relating to, or bearing upon any assignment, transfer or conveyance during the two-year period preceding the date of the production of these documents, of assets legally owned by YOU, including, but not limited to, inventory, equipment, fixtures and leasehold improvements sold, assigned, transferred, or conveyed, or delivered to any person or corporation, partnership, or other business entity.

17. All DOCUMENTS showing, relating to, or bearing upon any Notice of Intended Sale of Transfer, assignment, or pledge of mortgage, filed and recorded by YOU in connection with any



1 | assignment, transfer or conveyance of assets legally owned by YOU to any person or corporation,
2 | partnership or other business entity.

3 |     18.   DOCUMENTS identifying the court and case number, and the parties to the lawsuit,
4 | wherein YOU have obtained a judgment or wherein YOU have a pending claim in a complaint or
5 | cross-complaint. Such documents shall include a copy of the complaint, the cross-complaint, and
6 | the judgment, if any.

7 |     If for any reason the examination of said books, documents, records, papers and other items
8 | is not completed on said date, the examination thereof will be continued from day to day thereafter at
9 | the same time and place, excluding Sundays and holidays, until completed.

10 |     All of the foregoing described documents are relevant and material to the financial condition
11 | of Timothy J. Schmidt.

DATED: March 3, 2009

MCDONOUGH HOLLAND & ALLEN PC

By: _____
    STEPHEN M. LERNER

Attorneys for Judgment Creditor
The One Tree Group, Inc.

IT IS SO ORDERED:

DATED: 3-06-09

_____
HON. CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF CALIFORNIA